UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| JOHN PALIR, ET AL | : | CIVIL ACTION NO. 19-00037 |
| --- | --- | --- |
| VERSUS | : | CHIEF JUDGE HICKS |
| LABORATORY CORP OF AMERICA, ET AL | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the court is a Motion to for Leave to File a First Supplemental and Amending Complaint filed by plaintiffs John and Katie Palir. Doc. 16. The motion is opposed by defendant Laboratory Corp of America ("LabCorp"). Docs. 24, 31. The motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636.

For the reasons that follow the motion is **DENIED**.

**I.**
**BACKGROUND**

Plaintiffs filed suit in state court alleging that on or about October 12, 2017 John Palir was injured when a phlebotomist employed by LabCorp "negligently stabbed a needle into [his] right arm causing immediate severe pain, numbness, and burning in his right arm and hand." Doc. 1, att. 1, ¶ 6. He named LabCorp and an "Unknown Defendant Employee" as defendants. *Id.* at ¶ 1. He alleged that the unknown employee was negligent and that LabCorp was liable "under the doctrine of respondeat superior for the negligent actions of its employee who was acting within the course and scope of his/her employment at the time of the incident." *Id.* at ¶ 11.

On July 26, 2019, in response to plaintiffs' discovery, LabCorp identified the unknown employee as Sharonda Lewis. Doc. 16, att. 3, pp. 3,4. On September 3, 2019 plaintiff filed the motion before the court in order to name the previously unnamed employee. Doc. 16, att. 2. The parties do not dispute that Ms. Lewis is a Louisiana citizen. Since plaintiffs are also Louisiana citizens, allowing the amended complaint to add Ms. Lewis as a defendant would destroy diversity. We must therefore determine if such amendment should be allowed.

## II.
### LAW AND ANALYSIS

Under 28 U.S.C. § 1447(e) if after a case is removed to federal court the plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction, the court may "deny joinder, or permit joinder and remand the action to the State court." According to the jurisprudence in the Fifth Circuit, a motion to amend a pleading to add a non-diverse defendant is more closely scrutinized than an ordinary amendment under Rule 15(a) where leave to amend is given freely when justice so requires. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

When faced with a motion to amend to add a non-diverse party, the court must balance "the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* The motion should be examined using the following factors: (1) whether the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factor bearing on the equities. *Id.* If, after consideration of these factors, the court allows the amendment it must remand the matter to state court. If the amendment is denied, the federal court retains jurisdiction. *Id.*

We will examine each of the four factors albeit in a different order.

First, we find that plaintiffs were not dilatory in asking for the amendment. Plaintiffs discovered the identity of LabCorp's employee on July 26, 2019, and filed their motion to amend less than six weeks later on September 3, 2019. This factor weighs in favor of allowing the amendment.

Next, we consider whether plaintiffs will be significantly injured if the amendment is not allowed. Plaintiffs rely on the factually similar case of *Tobin v. Laboratory Corp. of Am.*, 2015 WL 13543988 (E.D. La., Oct. 21, 2015), a case where the court allowed plaintiff to amend her petition to name a previously unnamed defendant employee whose addition would destroy diversity. There, although LabCorp (the employer and named defendant) argued that adding its employee was unnecessary because its employee was working in the course and scope of her employment at the time of the alleged incident and that it would be responsible for any negligent acts of its employee, the court found that it was "not persuaded that naming the alleged primary tortfeasor as a defendant in the action is entirely unnecessary." *Id.* at *2. Plaintiffs urge us to follow this court's ruling and allow the amendment.

LabCorp argues that plaintiffs will not be injured if the amendment is denied. It asserts that joinder of its non-diverse employee is unnecessary because LabCorp admits that Ms. Lewis was acting within the course and scope of her employment at the time of the alleged incident and plaintiffs have only alleged negligent acts on the part of Ms. Lewis which occurred while performing her job duties. LabCorp points out several cases where courts, applying the *Hensgens* factors, have done just the opposite of the court in the case cited above and denied joinder of a defendant's employee as unnecessary.[1] In one such case, *Floyd v Wal-Mart La., LLC*, 2010 WL

---

[1] *See, e.g., Gilchrist v Sam's East, Inc.*, 2015 WL 3458165 *2 (W.D. La. May 29, 2015)("plaintiff is not prejudiced by denying leave to join non-diverse employees as defendants where their employers are named defendants."); *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.,* 2003 WL 21783304, *3 (E.D. La. July 30, 2003)(since the named employer of the non-diverse employee defendant would be vicariously liable for its employee's

2710649, (W.D. La., July 7, 2010)(Hicks, J.)(adopting report and recommendation of Hayes, M.J.), plaintiffs sought leave to amend to add two non-diverse employees of Wal-Mart. In analyzing whether or not plaintiffs would be significantly injured if the amendment were denied, the court looked to Rule 19 of the Federal Rules of Civil Procedure to determine if the employees were indispensable parties. *Id.* at *3. Finding that Louisiana law holds an employer vicarious liable for negligent acts of its employees, and that the allegations against the employees were for acts committed within the scope of their employment, the court determined that the employees were not indispensable to the litigation and denied plaintiffs' motion for leave to amend. *Id.*

We have examined the proposed amended complaint in this case. The allegations against LabCorp's employee, Ms. Lewis, are as follows:

> Defendant, Sharonda Lewis, was individually negligent because:
>
> a) She took it upon herself to refuse to follow Mr. Palir's request to use his left arm for the attempted blood draw, even after he explained to her that he used his dominant right arm for his work; and
>
> b) She unskillfully and negligently stabbed Mr. Palir's arm, inflicting pain and causing permanent injury.

Doc. 16, att. 2, p. 4, ¶ 13. None of these allegations are for any purported negligent act that Ms. Lewis committed outside the course and scope of her employment. Consequently, LabCorp is liable for any negligent acts of Ms. Lewis and plaintiffs can recover from LabCorp for any judgment rendered in their favor. We find that Ms. Lewis is not an indispensable party to this lawsuit and plaintiffs will not be significantly injured if the amendment is denied. This *Hensgens* factor weighs in favor of denying the amendment.

---

actions within the scope of his employment under the theory of respondeat superior, plaintiff has nothing to gain by joining the employee).

We next examine whether the purpose of the proposed amendment is to defeat federal jurisdiction. Throughout their original petition and proposed amended complaint plaintiffs continually maintain that LabCorp was vicariously liable for the negligent acts of its employee. *See,* Doc. 1, att. 1, ¶¶11, 13, doc. 16, att. 2, ¶¶ 11, 13. We cannot determine any useful purpose in attempting to name the non-diverse employee when the alleged negligent acts occurred while in the course and scope of employment. Plaintiffs will be looking to LabCorp, not Ms. Lewis, to satisfy any judgment rendered in their favor. These facts tend to indicate that the purpose of the amendment would be to defeat jurisdiction. This factor weighs in favor of denying the amendment.

Finally, we must consider all other factors bearing on the equities. LabCorp has a strong interest in their choice of a federal forum which will be prejudiced by this amendment if granted. "[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens,* 833 F.2d at 1182. We also have considered plaintiffs' right to fully recover their damages. LabCorp admits that Ms. Lewis was acting within the course and scope of her employment, although it denies she was negligent, and asserts that it is a solvent company capable of satisfying any judgment rendered against it.

In balancing the equities in this case, we determine that allowing plaintiffs to amend their pleading would do nothing more than defeat diversity.

### III.
#### CONCLUSION

For the reasons stated, the Motion to for Leave to File a First Supplemental and Amending Complaint [Doc. 16] filed by plaintiffs John and Katie Palir is **DENIED**.

THUS DONE AND SIGNED in Chambers this 13th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE