UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN PALIR, ET. AL.** | : | **CIVIL ACTION NO. 19-00037** |
| **VERSUS** | : | **CHIEF JUDGE HICKS** |
| **LABORATORY CORP OF AMERICA, ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiffs John and Katie Palir. Doc. 21. The motion is opposed by defendant Laboratory Corp of America ("LabCorp"). Doc. 26. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons that follow, **IT IS RECOMMENDED** that the motion be **DENIED**.

I.
BACKGROUND

Plaintiffs filed suit in state court alleging that on or about October 12, 2017, John Palir was injured when a phlebotomist employed by LabCorp "negligently stabbed a needle into [his] right arm causing immediate severe pain, numbness, and burning in his right arm and hand." Doc. 1, att. 1, ¶ 6. He named LabCorp and an "Unknown Defendant Employee" as defendants. *Id.* at ¶ 1. He alleged that the unknown employee was negligent and that LabCorp was liable "under the doctrine of respondeat superior for the negligent actions of its employee who was acting within the course and scope of his/her employment at the time of the incident." *Id.* at ¶ 11.

On January 11, 2019, LabCorp removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It asserts that the amount in controversy exceeds $75,000 and that plaintiffs are residents of Louisiana and that it is a Delaware corporation with it principal place of business in North Carolina. *Id*. LabCorp contends that the unknown defendant employee named in the petition is disregarded for purposes of removal so that diversity jurisdiction exists. *Id.*

On September 12, 2019 plaintiffs filed the instant motion to remand. Doc. 21. Plaintiffs argue that jurisdiction is lacking because the unknown defendant employee's identity is now known and she is a resident of Louisiana.[1] Doc. 21, att. 1. They submit that jurisdiction is lacking because both plaintiffs and the defendant employee are citizens of Louisiana.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995).

District court have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). This diversity provision requires complete diversity among the parties. *Caterpillar*

---

[1] Plaintiffs filed a Motion for Leave to File a First Supplemental and Amending Complaint [doc. 16] seeking to add the previously unnamed employee. That motion was denied upon our finding that the employee was not indispensable to the litigation and the purpose of the motion to amend was to defeat federal jurisdiction. *See* Doc. 34.

*Inc. v. Lewis,* 117 S.Ct. 467, 472 (1996). This means that there must be complete diversity between all named parties. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 814 (5th Cir.1993).

Here, the parties do not dispute that the amount in controversy exceeds $75,000 and that complete diversity exists between plaintiffs and LabCorp. Plaintiffs argue that because the unnamed employee defendant is a Louisiana citizen diversity jurisdiction does not exist.

Historically, courts permitted fictitiously named defendants to defeat removal. *See, e.g., Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1439 (11th Cir.1983) (citing *Baggett v. Alto Corp.,* 459 F.Supp. 989 (N.D.Ala. 1978)(noting "[t]o avoid removal, the plaintiff must describe the fictitious defendants in a way that makes their residence identifiable."). However, such cases were abrogated by the 1988 enactment of § 1441(b)(1). The removal statute explicitly states that, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) …, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Fifth Circuit has followed the mandate of this provision. *See Kemp v. CTL Distribution, Inc.,* 440 Fed.Appx. 240 (5th Cir.2011); *Vaillancourt v. PNC Bank, Nat'l Ass'n,* 771 F.3d 843 (5th Cir.2014); *Weaver v. Metro. Life Ins. Co.,* 939 F.3d 618, 619 (5th Cir.2019) (noting "[a]lthough 'John Doe' is a more common version [of a fictitious defendant]," § 1441 also covers other fictitious names.)

Even though, as plaintiffs allege, the unnamed defendant employee is a citizen of Louisiana, his or her citizenship is disregarded for removal purposes. Because the parties properly named are completely diverse and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 21] be **DENIED**.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 16th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE