UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN PALIR, ET AL.                           CIVIL ACTION NO. 19-0037

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

LABORATORY CORP                              MAGISTRATE JUDGE KAY
OF AMERICA, ET AL.

**MEMORANDUM RULING**

Before the Court is a Magistrate Appeal (Record Document 40) filed by Plaintiffs John and Katie Palir (collectively "Plaintiffs"). The appeal seeks to reverse Magistrate Judge Kay's ruling (Record Document 34) denying Plaintiffs' motion to amend/correct. Defendant Laboratory Corp of America ("LabCorp") opposes the Magistrate Appeal. See Record Document 43. Also before the Court is a Report and Recommendation by Magistrate Judge Kay (Record Document 35) denying Plaintiffs' motion to remand. Plaintiffs filed a "Motion for Reconsideration" (Record Document 36), which was interpreted by this Court as an objection to the Report and Recommendation. Defendant filed a response. See Record Document 44. For the reasons set forth below, the Magistrate Appeal is **DENIED** and Magistrate Judge Kay's Memorandum Ruling (Record Document 34) is **AFFIRMED**. Further, the Report and Recommendation (Record Document 35) is **ADOPTED** and the motion to remand is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed suit in Louisiana state court in November 2018 asserting claims of negligence against LabCorp and an "Unknown Defendant Employee." Record Document 1-1 (Complaint). Specifically, the complaint asserted that in October 2017 John Palir was injured when a phlebotomist employed by LabCorp "negligently stabbed a needle into

[his] right arm causing immediate severe pain, numbness, and burning in his right arm and hand." Id. at ¶ 7. The complaint asserted LabCorp was vicariously liable "for the negligent actions of its employee who was acting within the course and scope of his/her employment at the time of the incident." Id. at ¶ 11. On January 11, 2019, LabCorp removed the case to this Court. See Record Document 1.

On July 26, 2019, following a discovery request, LabCorp identified the unknown employee as Sharonda Lewis ("Lewis"). See Record Document 16-3. On September 3, 2019, Plaintiffs filed a motion to amend/correct to name the previously unknown defendant employee. See Record Document 16. The addition of Lewis as a named defendant would defeat diversity jurisdiction because Lewis and Plaintiffs are Louisiana citizens. See Record Document 21-1. Upon consideration of the parties' arguments and the applicable law, Magistrate Judge Kay denied the motion to amend. See Record Document 34. Plaintiffs timely appealed. See Record Document 40. The issue is fully briefed and ripe for review by this Court. See Record Documents 43 & 45.

On September 12, 2019, Plaintiffs filed a motion to remand asserting the addition of Lewis would destroy diversity jurisdiction. See Record Document 21. Magistrate Judge Kay issued a Report and Recommendation denying Plaintiffs' motion to remand. See Record Document 35. Plaintiffs timely filed an objection. See Record Document 36. LabCorp filed an opposition to Plaintiffs' objection. See Record Document 44.

## LAW AND ANALYSIS

**I. Magistrate Appeal**

**A. Legal Standards**

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Federal Rule of Civil Procedure 72(a) and Local Rule 74.1. The

decision by Magistrate Judge Kay to deny Plaintiffs' motion to amend is a non-dispositive matter. As such, the order must be upheld by this Court unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). This Court will review Magistrate Judge Kay's legal conclusions *de novo* and review her factual findings for clear error. See Sabre Indus., Inc. v. Module X Sols., LLC, No. 15-2501, 2017 WL 4128317 (W.D. La. Sept. 18, 2017).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The decision to allow an amendment adding non-diverse parties under Section 1447(e) is a discretionary one." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

In Hensgens, the Fifth Circuit reasoned that when the district court is "confronted with an amendment to add a nondiverse nonindispensable party, [the court] should use its discretion," and "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182. The Fifth Circuit set forth the following factors to consider when making this determination: (1) the extent to which joinder of the non-diverse defendant(s) is sought to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. See id. The factors balance the original defendant's interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation. See id.

### B. Parties' Arguments

Plaintiffs assert the joinder analysis is inapplicable because they are merely attempting to identify by name the unknown defendant employee who was named in their original complaint. See Record Document 40 at 3–4. Further, Plaintiffs contend the order of Magistrate Judge Kay's analysis of the Hensgens factors was improper and led to the incorrect conclusion. See id. at 5. Plaintiffs also contend an unpublished case from the Eastern District of Louisiana—Tobin v. Lab. Corp. of Am., No. 15-1731, 2015 WL 13543988 (E.D. La. Oct. 21, 2015)—which granted the plaintiffs request to add a non-diverse party is directly on point and should be followed by this Court. See id. at 4.

In its opposition, LabCorp contends Plaintiffs offered "no new evidence or authority and simply rehash the argument that the Court already rejected." Record Document 43 at 1. Additionally, LabCorp asserts Plaintiffs cannot meet the high burden required to reverse a magistrate judge's ruling on a non-dispositive matter. See id. at 3–4. Plaintiffs reply further asserts Magistrate Judge Kay misapplied the Hensgens factors. See Record Document 45.

### C. Analysis

The Court agrees with LabCorp. Plaintiff cannot demonstrate Magistrate Judge Kay's findings were clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). Her memorandum ruling analyzes each Hensgens factor and ultimately concludes granting Plaintiffs leave to amend would do nothing more than defeat diversity. See Record Document 34 at 5. It is of no matter which order Judge Kay analyzed the Hensgens factors because the conclusion would be the same. Furthermore, merely because Plaintiffs had named "Unknown Defendant Employee" in their original complaint

does not mean that the addition of Lewis is not properly considered joinder. Plaintiffs are attempting to join a new party, even if it was once identified as "Unknown Defendant Employee" in the original complaint. This point is further highlighted by the fact that the identity of unknown defendants is "disregarded" for purposes of removal. See 28 U.S.C. § 1441(b)(1). Thus, joinder is the proper analysis to follow.

Finally, this Court is not bound by unpublished decisions rendered outside of this district. Rather, this Court is bound by the applicable legal standards. Here, Magistrate Judge Kay applied the correct standard for the joinder of parties who would destroy diversity jurisdiction. As her conclusion is not clearly erroneous or contrary to law, her decision must be upheld by this Court. Thus, Plaintiffs' Magistrate Appeal is hereby **DENIED** and Magistrate Judge Kay's memorandum ruling denying Plaintiffs' leave to amend is hereby **AFFIRMED**.

## II.     Report and Recommendation

### A. Legal Standards

Any party may submit objections to a magistrate judge's report and recommendation on a dispositive matter pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 74.1. The decision by Magistrate Judge Kay to deny Plaintiffs' motion to remand is a dispositive matter. As such, the Court will review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3). Following review, the court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal courts may exercise diversity jurisdiction over a civil action between citizens of different states if the amount in controversy exceeds $75,000. See 28 U.S.C.

1332(a)(1). An out-of-state defendant may remove a case filed in state court to federal court if the parties are diverse and the amount in controversy is met. See 28 U.S.C. § 1441(b)(2). To determine whether an action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Furthermore, "jurisdictional facts are determined at the time of removal," and "post-removal events do not affect that properly established jurisdiction." Louisiana v. Am. Nat'l Prop. Cas. Co., 746 F.3d 633, 636 (5th Cir. 2014).

### B. Objections

Plaintiffs assert the cases cited by Magistrate Judge Kay in support of disregarding the fictious defendant for purposes of removal were factually dissimilar to the instant case. See Record Document 39 at 4. Further, Plaintiffs contend 28 U.S.C. § 1441(b)(1) may not apply in this case because "it was not meant to be a weapon utilized by the defense to assure federal jurisdiction." Id. Plaintiffs again assert the applicability of the unpublished Eastern District of Louisiana case—Tobin, 2015 WL 13543988. In response, LabCorp contends that "[p]laintiffs cite no new evidence, facts, case law, or authority which was not available when their motion was first considered." Record Document 44 at 1. Additionally, LabCorp asserts that Plaintiffs "fail to provide any basis" to show why 28 U.S.C. § 1441(b)(1) should not apply to them. Id. at 4.

### C. Analysis

Upon review of the record, the parties' arguments, and the relevant law, the Court agrees with Magistrate Judge Kay's recommendation to deny remand. Plaintiffs have failed to provide any authority to show 28 U.S.C. § 1441(b)(1) should not apply in this case. Plaintiffs only legal support comes from Tobin, the unpublished decision from the

Eastern District of Louisiana. See 2015 WL 13543988. As noted earlier, this Court is not bound by unpublished decisions outside of this district; however, this Court is bound by the applicable law. Here, there is a statute directly on point, which dictates for purposes of removal to disregard the "citizenship of defendants sued under fictitious names." 28 U.S.C. § 1441(b)(1). Plaintiffs sued LabCorp and "Unknown Defendant Employee" in state court; thus, for purposes of removal only Plaintiffs and LabCorp's citizenship was at issue. Record Document 1-1. Because Plaintiffs and LabCorp are citizens of different states and the amount in controversy exceeds $75,000, this matter was properly removed to this Court pursuant to 28 U.S.C. § 1332(a)(1). Furthermore, it is of no matter that the case law is factually dissimilar from the instant matter. The case law cited by Magistrate Judge Kay was used to support the general rule set forth in 28 U.S.C. § 1441(b)(1).

Because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) over this matter, the Court adopts Magistrate Judge Kay's Report and Recommendation (Record Document 35) denying remand. Therefore, the Report and Recommendation (Record Document 35) is adopted and Plaintiffs' Motion to Remand (Record Document 21) is hereby **DENIED**.

## CONCLUSION

Based on the foregoing reasons, Plaintiffs' Magistrate Appeal (Record Document 40) is hereby **DENIED** and Magistrate Judge Kay's memorandum ruling (Record Document 34) denying Plaintiffs' leave to amend is hereby **AFFIRMED**.

Further, after an independent review of the record and written objections filed by Plaintiffs and determining that the findings are correct under the applicable law; it is

ordered that the Report and Recommendation (Record Document 35) is **ADOPTED** and Plaintiffs' Motion to Remand (Record Document 21) is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 29th day of April, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT